UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
NORTHERN DIVISION

| | |
|---|---|
| MARKIE TRANSUE,<br><br>Plaintiff,<br><br>v.<br><br>DAVIS COUNTY, a political subdivision of the State of Utah; and ARNOLD BUTCHER, an individual,<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER GRANTING MOTION TO COMPEL PRODUCTION (DOC. NO. 31)**<br><br>Case No. 1:24-cv-00120<br><br>District Judge Ann Marie McIff Allen<br><br>Magistrate Judge Daphne A. Oberg |

In this civil rights action, Markie Transue claims Davis County and Arnold Butcher discriminated against her during her employment with the county, including through their mishandling of sexual harassment complaints.[1] In discovery, Ms. Transue requested information and documents relating to the defendants' handling of other sexual harassment complaints during the relevant time period. After receiving only summary charts of these complaints in response to certain interrogatories and requests for production, Ms. Transue moves to compel the defendants to produce the underlying documents.[2] Specifically, she seeks to compel production of all documents regarding

---

[1] (Compl. ¶¶ 3, 6, 56–79, Doc. No. 1.)

[2] (Pl.'s Short Form Mot. to Compel Defs.' to Produc. Information Regarding Compls. of Discrimination (Mot.), Doc. No. 31 at 2–3.) In the discovery requests at issue, Ms. Transue seeks information relating to employee complaints of sexual harassment or other gender-based misconduct, and "investigation materials reviewed or created" regarding those complaints. (Ex. 1 to Mot., Pl.'s First Set of Disc. Reqs. to Def. Davis

complaints of gender-based misconduct underlying the summary charts.[3]  And Ms. Transue seeks attorneys' fees incurred in bringing this motion.[4]

Davis County and Mr. Butcher oppose on various grounds.  They contend Ms. Transue brought this case under 42 U.S.C. § 1983 because she could not bring it under Title VII.[5]  They argue one of the summary charts provides nearly all the information Ms. Transue requested in her interrogatories,[6] and Chief Butcher provided detailed testimony "about almost every investigation."[7]  As for the documentation underlying the charts, the defendants generally contend (in a footnote) that the "[u]nderlying investigation materials and reports comprise hundreds of pages that are irrelevant to this dispute and would require substantial redaction for employee and witness privacy."[8] Finally, Davis County and Mr. Butcher argue generally that Ms. Transue's request

---

County 5–6, Doc. No. 31-1.)  She also seeks identities of employees "reported or investigated for sexual harassment or discrimination," and "all documents reviewed or referenced" in responding to those interrogatories.  (Ex. 4 to Mot., Pl.'s Third Set of Disc. Reqs. to Def. Davis County 5–6, Doc. No. 31-4.)

[3] (Mot., Doc. No. 31 at 1–2.)

[4] (*Id.* at 1.)

[5] (Davis County Defs.' Resp. in Opp'n to Mot. (Opp'n) 2, Doc. No. 32 (referencing 42 U.S.C. § 2000e).)

[6] (*Id.* (referencing interrogatory numbers 6, 16, and 17).)

[7] (*Id.* at 3.)  The defendants only refer to one of the charts at issue.  (Ex. B to Opp'n, Doc. No. 32-2 (chart with bates number DAVIS COUNTY-BUTCHER 006612a); Ex. 9 to Mot., Doc. No. 31-9 (same).)  They do not directly discuss the others.  (Ex. 5 to Mot., Doc. No. 31-5 at 5–6 (charts with bates number DAVIS COUNTY-BUTCHER 005482–83).)

[8] (Opp'n 2 n.2, Doc. No. 32.)

reflects a fishing expedition, and producing additional materials would be unduly burdensome and disproportionate to the needs of this case.[9]

Not so.  Regardless of whether Ms. Transue brings claims under Title VII or § 1983, this litigation centers on the defendants' alleged disparate handling of her sexual harassment complaints compared to those of male employees.  Accordingly, documents relating to those complaints and investigations are relevant.[10]  And Ms. Transue specifically requested documents relating to these complaints, reports, and investigations.[11]  The defendants cannot simply create summarizing charts in response to her interrogatories while withholding documents responsive to her document requests.  And witness testimony about the complaints is not a sufficient substitute for production.  Ms. Transue is entitled to assess relevant materials and test any witness testimony as appropriate.  And the defendants have not shown that reviewing and redacting "hundreds of pages" constitutes an undue burden.  In other words, the

---

[9] (*Id.* at 3.)

[10] *See* Fed. R. Civ. P. 26(b)(1) (providing that parties "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case").

[11] (*See* Ex. 1 to Mot., Pl.'s First Set of Disc. Reqs. to Def. Davis County 5–6, Doc. No. 31-1 (requesting all "investigation materials reviewed or created" regarding employee complaints of sexual harassment and gender-based misconduct identified in response to interrogatory 6); Ex. 4 to Mot., Pl.'s Third Set of Disc. Reqs. to Def. Davis County 5–6, Doc. No. 31-4 (requesting "all documents reviewed or referenced to respond" to interrogatories 16 and 17, which seek information regarding employees reported or investigated for sexual harassment or discrimination).)

information Ms. Transue seeks is relevant to her claims and proportional to the needs of this case.

For these reasons, Ms. Transue's motion is granted.  However, her request for attorneys' fees is denied where the defendants' position is substantially justified insofar as they made a colorable argument as to burden.[12]

<u>CONCLUSION</u>

The motion to compel[13] is granted.  By May 5, 2026, or a date mutually agreed to by the parties, the defendants must produce all documents underlying the complaints in the charts they created and produced, such as complaints, investigation reports, and documentation of investigation outcomes.

DATED this 14th day of April, 2026.

BY THE COURT:

Daphne A. Oberg
United States Magistrate Judge

---

[12] *See* Fed. R. Civ. P. 37(a)(5)(A)(ii) (providing that a court must not award attorney's fees to a movant who prevails on a motion to compel if "the opposing party's nondisclosure, response, or objection was substantially justified"); *Pierce v. Underwood*, 487 U.S. 552, 565 (1988) (explaining "substantially justified" under Rule 37 means only a "genuine dispute" or that "reasonable people could differ as to the appropriateness of the contested action" (citation modified)).

[13] (Doc. No. 31.)

4